COMP
VANNAH & VANNAH
ROBERT D. VANNAH, ESQ.
California Bar No. 69595
400 S. Fourth Street, Sixth Floor
Las Vegas, NV 89101
Telephone: (702) 369-4161

LAW OFFICE OF BRUCE D. SCHUPP
BRUCE D. SCHUPP, ESQ.
Nevada Bar No. 1458
1140 Town Center Drive, Suite 100
Las Vegas, Nevada 89144
(702) 866-2400

Counsel for Plaintiff

FILED
AUG 6 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

LAW OFFICE OF BRUCE D. SCHUPP

**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEVADA**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| PHYLLIS KAYE,<br>Plaintiff,<br>vs.<br>UNITED STATES OF AMERICA, LENORA HERENDEEN, DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive,<br>Defendant. | '08 CV 1432 H JMA<br>CASE NO.:<br>DEPT NO.:<br>**COMPLAINT**;<br>DEMAND FOR JURY TRIAL |

Plaintiff Phyllis Kaye, by and through her attorneys BRUCE D. SCHUPP, ESQ., of the Law Office of Bruce D. Schupp, and ROBERT D. VANNAH, ESQ., of Vannah & Vannah, who hereby complains and alleges against the Defendants as follows:

**JURISDICTION**

1. Phyllis Kaye is, and at all times relevant, was a citizen of the County of Clark, State of Nevada.

2. Defendant Lenora Herendeen is, and at all time relevant herein was, a resident of the County of Clark, State of Nevada.

3. The jurisdiction of this court over this subject matter of this action is predicated and based on 28 U.S. C.S. Section 1346(b).

LAW OFFICE OF BRUCE D. SCHUPP

4. Plaintiff Phyllis Kaye timely presented an administrative claim to United States Department of the Army, Staff Judge Advocate, National Training Center, pursuant to 28 U.S.C.S. Sections 2671 et. seq. on or about December 6, 2007, identified as Claim No. 08-041-T011, which was deemed rejected and/or denied by operation of law.

5. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE is negligently responsible in some manner for the events and happenings herein referenced to, and negligently caused injury and damages proximately thereby to Plaintiff, as herein alleged; Plaintiff will ask leave of this court to amend the complaint to insert the true names and capacities of said Defendants when the same have been ascertained by Plaintiff, together with the appropriate charging allegations, and to join such Defendants in this action.

6. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants ROE CORPORATIONS 1 through 10, inclusive, are unknown to Plaintiff, who sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a ROE CORPORATION is negligently responsible in some manner for the events and happenings herein referred to, and negligently caused injury and damages proximately thereby to Plaintiff, as herein alleged; Plaintiff will seek leave of this court to amend the complaint to insert the true names and capacities of said Defendants when the same has been ascertained by Plaintiff, together with the appropriate charging allegations, and to join such Defendants in this action.

7. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, some or all of the Defendants were the agents and employees of the other Defendants and were acting in the course and scope of their employment and /or agency when the subject incident occurred.

**VENUE**

8. Pursuant to 28 U.S.C.S. Section 1402(b), venue is proper in this district in that Plaintiff resides in the County of Clark, State of Nevada.

## CLAIM FOR NEGLIGENCE

9. On or about August 27, 2007, at approximately 12:55 p.m., Jonathon Mendiola was operating a military humvee while in an army military convoy. The "Mendiola" humvee was the second vehicle in line as the convoy was entering northbound Interstate 15 from D Street in the city of Victorville, County of San Bernardino, State of California.

10. Lenora Herendeen was operating a silver Toyota Corolla northbound on Interstate 15 in the #2 travel lane approaching the northbound Interstate D Street on ramp.

11. Decem Chinh Han Yuen was operating a blue Nissan proceeding northbound on Interstate 15 in the #1 travel lane just to the left rear of the "Herendeen" vehicle.

12. Johannes Jared Villanueva was operating a red Nissan proceeding northbound on Interstate 15 in the #1 travel lane approximately four to five car lengths to the rear of the "Yuen" vehicle.

13. Brando Pierre Hamilton was operating a military truck with water trailer, which was one of the vehicles in the military convoy.

14. As the "Mendiola" humvee was entering the northbound lanes of Interstate 15, he began to change lanes from the northbound #3 travel lane into the northbound #2 travel lane directly in front of the "Herendeen" Corolla.

15. That based upon information and belief, Herendeen saw the "Mendiola" humvee entering her traffic lane and swerved into the #1 travel lane wherein she struck the right front corner of the "Yuen" vehicle.

16. The force of the impact pushed the "Yuen" vehicle into the center divider wall. The "Yuen" vehicle continued in a northerly direction along the center divider wall and then climbed the center divider wall. The "Yuen" vehicle rolled on top of the wall and landed in the southbound Interstate 15 #1 travel lane where the "Yuen" vehicle came to rest facing in a southerly direction.

17. After the "Herendeen" vehicle struck the "Yuen" vehicle, Herendeen was not able to regain control of her vehicle. Herendeen began to overturn side to side in the northbound #1 and #2 travel lanes directly in front of the "Villanueva" vehicle.

/ / /



LAW OFFICE OF BRUCE D. SCHUPP
1850 FIFTH AVENUE, SUITE 105 SAN DIEGO, CA 92101
(619) 866-2400

LAW OFFICE OF BRUCE D. SCHUPP

18. Based upon information and belief, Plaintiff alleges that the "Villanueva" vehicle began to slow down when the "Mendiola" humvee changed lanes directly in front of the "Herendeen" vehicle. The "Herendeen" vehicle then struck the "Yuen" vehicle whereafter the "Herendeen" vehicle overturned and rolled onto the front engine hood of the "Villanueva" vehicle.

19. That based upon information and belief, the "Hamilton" military truck struck the right side of the "Villanueva" vehicle.

20. At the time of the subject accident, Jonathon Mendiola was acting in the course and scope of his employment with Defendant United States of America.

21. As an employee of Defendant United States of America, Jonathon Mendiola had a duty to exercise due care and obey the traffic laws of the State of California.

22. As an employee of the United States of America, Jonathon Mendiola breached his duty by failing to exercise due care, in violation of the traffic laws of the State of California.

23. The negligence of Jonathon Mendiola, is imputed to the United States of America under 28 U.S.C.S. Secton 1346(b), and was the sole and/or contributing actual and proximate cause of injuries and damages suffered by Plaintiff, and her resulting medical expenses, loss of earnings, loss of earning capacity, pain and suffering.

24. In addition thereto, the sole and/or contributing proximate cause of the aforesaid collision was due to the negligence of Lenora Herendeen.

25. The negligence of Defendant Lenora Herendeen, was a actual and proximate cause of injuries and damages suffered by Plaintiff, and Plaintiff's resulting medical expenses, loss of earnings, loss of earning capacity, pain and suffering.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Phyllis Kaye prays for Judgment against Defendants, and each of them, as follows:

1. For general and special damages suffered by Phyllis Kaye in a sum exceeding Two Hundred Fifty Thousand Dollars and 00/100 Cents ($250,000.00);
2. For reasonable attorney's fees and costs of suit; and

3. For such other further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED this 31 day of July, 2008.

LAW OFFICE OF BRUCE D. SCHUPP

By__________________________

Bruce D. Schupp, Esq.
1140 Town Center Drive, Suite 100
Las Vegas, NV 89144
Attorney for Plaintiff

LAW OFFICE OF BRUCE D. SCHUPP

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED AUG - 6 2008 CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY DEPUTY

**I. (a) PLAINTIFFS**
Phyllis Kaye

**DEFENDANTS**
United States of America; Lenora Herendeen

**(b)** County of Residence of First Listed Plaintiff: Clark
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Clark
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Bruce D. Schupp, Esq., 1140 Town Center Drive, Suite 100
Las Vegas, Nevada 89144 Robert D. Vannah, Esq.

Attorneys (If Known)
'08 CV 1432 H JMA

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C.S. Section 1346(b)

Brief description of cause:
Motor Vehicle Accident

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** 250,000.00

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 07/31/2008 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 153751 AMOUNT $350 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

TAC 8/7/08

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 153751 - TC

August 07, 2008
09:39:37

Civ Fil Non-Pris
USAO #.: 08CV1432
Judge..: MARILYN L HUFF
Amount.: $350.00 CK
Check#.: BC016848

Total-> $350.00

FROM: PHYLLIS KAYE
VS
USA/LENORA HERENDEEN